NO. 07-01-0181-CR
NO. 07-01-0182-CR
NO. 07-01-0183-CR
NO. 07-01-0184-CR
NO. 07-01-0185-CR
NO. 07-01-0186-CR
NO. 07-01-0187-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 27, 2001

_____

JONATHAN CARY NICKELS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NOS. 43,449-B, 43,450-B, 43,060-B, 43,061-B, 43,062-B, 43,063-B, & 43,064-B;
HONORABLE JOHN BOARD, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Pursuant to open pleas of guilty, appellant Jonathan Cary Nickels[1] was convicted

of multiple offenses and punishment was assessed accordingly: (1) in cause number

---

[1]Although the judgments reflect appellant's surname as Nickles, his pro se brief
reflects his surname is Nickels.

43,449-B for possession of marihuana, a state jail felony--one year confinement; (2) in cause number 43,450-B for possession of cocaine--ten years confinement; (3) in cause number 43,060-B for delivery of methamphetamine--ten years confinement; (4) in cause number 43,061-B for delivery of methamphetamine–ten years confinement; (5) in cause number 43,062-B for delivery of cocaine–ten years confinement, (6) in cause number 43,063-B for delivery of methamphetamine–30 years confinement, and (7) in cause number 43,064-B for delivery of methamphetamine–30 years confinement. In presenting these appeals, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and each judgment is affirmed.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the records and, in his opinion, the records reflect no reversible errors or grounds upon which appeals can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeals are frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there are no errors in the court's judgments. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeals are without merit.

---

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In addition, counsel has demonstrated that he notified appellant of his right to review the records and file a *pro se* brief if he desired to do so. Appellant filed a *pro se* brief in support of a motion to vacate, set aside, or correct a sentence. The State did not favor us with a brief.

A review of each record discloses that a confidential informant introduced appellant to two undercover agents on January 7, 2000. Approximately 2.5 grams of methamphetamine were purchased from appellant by Agent Redden and his partner. The agents made subsequent purchases of methamphetamine and cocaine from appellant as follows: 3.8 grams of methamphetamine on January 13, 2000, 2.1 grams of cocaine on February 18, 2000, 8.5 grams of methamphetamine on March 3, 2000, 7.1 grams of cocaine on March 30, 2000, and 7.7 grams of methamphetamine on April 19, 2000. During the February 18 purchase appellant indicated to the agents that he could obtain untraceable weapons to sell to them and on March 3, the agents purchased a sawed-off shotgun in addition to cocaine.

On September 25, 2000, ATF officers and Agent Redden served a federal warrant on appellant for firearm violations. Redden entered appellant's home in an undercover capacity and was led to the bedroom by appellant's girlfriend. Appellant and his infant son were laying on the bed next to an open diaper bag. Redden noticed a plastic bag containing what appeared to be cocaine on top of the diaper bag. Appellant was informed that a federal warrant was being served and he was taken into custody. Although his

girlfriend tried to close the diaper bag, a search revealed two plastic bags containing a total of 41 grams of cocaine and one plastic bag containing a quarter of a pound of marijuana.

Appellant was charged with seven separate offenses involving either possession or delivery of narcotics. He entered pleas of guilty to all charges with no agreement on punishment and evidence was heard with regard to sentencing. Agent Redden and his partner testified about appellant's status as a mid-level drug dealer. Redden testified that he would page appellant and set up a meeting to purchase narcotics. Appellant would then meet with his supplier to obtain what Redden had requested.

Appellant testified that he was a drug user and tried to leave an impression that he was merely a runner for his supplier. Although he did not consider himself a dealer, he admitted selling drugs to the agents at higher than usual prices in order to pay his supplier and have money left to support his baby. Although appellant claimed that the narcotics were never in his home and that he met with his supplier to obtain them, he could not convincingly explain why he was in possession of 41 grams of cocaine when he was arrested on September 25. He testified that he had that amount in his possession in anticipation that Redden would contact him again as he had done regularly in the past. However, Redden and appellant had not engaged in a transaction since April. Appellant expressed regret and remorse for his actions and admitted to being a "stupid" criminal. However, when questioned whether he was aware that the more drugs he sold to the

4

agents the more trouble he was in, he replied, "I knew the more I sold, the more time you get . . . ." He did not request probation and realized he would be punished for his crimes.

The State also introduced evidence of appellant's juvenile history which established several prior convictions and a probation revocation. At the conclusion of the punishment evidence, the trial court ruled that the evidence clearly showed appellant was a dealer. The court also expressed concern that given appellant's criminal history, he had not taken advantage of the numerous chances he had been given. Concluding that appellant had made "bad choices," he was sentenced to one year confinement for a state jail felony, four ten-year sentences for second degree felonies, and two 30-year sentences for first degree felonies all to run concurrently.

Counsel presents three arguable points on appeal, to wit: (1) ineffective assistance of counsel, (2) voluntariness of appellant's pleas, and (3) abuse of discretion in sentencing. However, after a discussion of the evidence and legal authorities, counsel candidly concedes that no reversible error is presented in any of the appeals.

To establish ineffective assistance of counsel appellant must establish that (1) counsel's conduct was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55

(Tex.Cr.App. 1986). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of ineffective assistance of counsel, it must be firmly founded in the record. Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981). If the record is silent regarding any alleged ineffectiveness of counsel, appellant cannot overcome the presumption that counsel's conduct fell within a wide range of reasonable professional representation.

In most instances, the most effective way to demonstrate ineffective assistance of counsel is by presenting evidence at a hearing on a motion for new trial. *See generally* McCain v. State, 995 S.W.2d 229, 245 n.9 (Tex.App.–Houston [14th Dist.] 1999, pet. denied) (discussing ineffective assistance during *voir dire*). However, here, appellant did not file motions for new trial and the records before us are silent regarding any alleged ineffectiveness by counsel. Thus, no reversible error is presented on the ground of ineffective assistance of counsel.

Because appellant's guilty pleas were not entered pursuant to felony plea bargains, we can review whether they were involuntary. *See* Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001) (holding that voluntariness of a plea may not be raised on appeal from a plea-bargained felony conviction). When the record shows that a defendant was

6

properly admonished, there is a *prima facie* showing of a knowing and voluntary guilty plea. Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.Cr. App. 1985). The burden then shifts to the defendant to establish that he plead guilty without understanding the consequences of his plea and, consequently, suffered harm. Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989). *Gibauitch*, 688 S.W.2d at 871. In reviewing the voluntariness of a defendant's guilty plea, we review the entire record. Martinez v. State, 981 S.W.2d 195, 197 (Tex.Cr.App. 1998) (en banc).

The record reflects that appellant was admonished by the trial court prior to the presentation of punishment evidence. Appellant informed the trial court that his pleas were voluntary and that his judicial confessions were signed of his own free will. He also signed written admonishments acknowledging that he was aware of the consequences of his pleas. Because appellant was properly admonished, it was incumbent upon him to show that he entered his guilty pleas without understanding the consequences thereof, and thus suffered harm. However, there is nothing in the records before us to indicate that appellant was induced into pleading guilty or that he was unaware of the consequences of his pleas. Therefore, no reversible error exists on the basis of appellant's guilty pleas.

Counsel also concedes that no reversible error is shown in the sentences imposed by the trial court. Generally, a penalty imposed within the range of punishment established by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478 (Tex.App.–Eastland 1996, pet. ref'd). Appellant received a one-year sentence for the state

7

jail felony of possession of marihuana of five pounds or less but more than four ounces.[3]

A state jail felony is punishable by confinement for not more than two years or less than

180 days.[4] Four separate ten-year sentences were imposed for (1) possession of cocaine

of four grams or more but less than 200; (2) and (3) delivery of methamphetamine of one

gram or more but less than four; and (4) delivery of cocaine of one gram or more but less

than four.[5] These offenses constitute second degree felonies punishable by not more than

20 years or less than two years.[6] Appellant was sentenced to two 30-year sentences for

delivery of methamphetamine of four grams or more but less than 200, which are first

degree felonies with a punishment range of not more than 99 years or less than five years

confinement.[7] All seven sentences imposed by the trial court were within the range of

punishment established by the Legislature and thus, no abuse of discretion is shown.

Moreover, appellant's sentences were half of the maximum recommended range of

punishment in the first five offenses and on the low end of the range of punishment for the

two first degree felonies.

---

[3]*See* Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon Supp. 2002).

[4]*See* Tex. Penal Code Ann. § 12.35(a) (Vernon 1994).

[5]*See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D) and 481.102(6) (Vernon Supp. 2002); *see also* §§ 481.112(c) and 481.115(d).

[6]Tex. Penal Code Ann. § 12.33(a) (Vernon 1994).

[7]*See* Tex. Health & Safety Code Ann. § 481.112(d) (Vernon Supp. 2002), and Tex. Penal Code Ann. § 12.32(a) (Vernon 1994).

By his *pro se* brief in support of his motion, appellant mirrors appellate counsel's arguments on ineffective assistance of counsel and the voluntariness of his guilty pleas. Because we have already reviewed these contentions, we will not repeat our analysis. However, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 131 L.Ed. 2d 490 (1963), appellant contends that his right to due process under the Fourteenth Amendment was violated by the prosecution for failing to disclose favorable evidence. We disagree. In *Brady*, the Supreme Court held that the prosecution violates due process when it suppresses evidence in its possession favorable to an accused "where the evidence is material either to guilt or punishment." *Id.* at 87. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Specifically, appellant contends the prosecution was in possession of a statement made by Jonathan Burch, the confidential informant who introduced appellant to the agents, that might have proven his innocence. He asserts that Burch and Agent Redden had their own "agenda" and that Burch made a statement to Redden during an interview after appellant was arrested that if disclosed would have changed the outcome of his convictions. The record before us does not establish any statements made by Burch to Agent Redden that would invoke *Brady*. Furthermore, appellant never claimed to be innocent of the charged offenses. He testified that he was a "stupid" criminal and that he

knew he would have to be punished for what he had done. Appellant has not established that material evidence, if any, was withheld from him by the prosecution or that it would have resulted in a different outcome.

Appellant also contends that his appellate counsel is ineffective and thus he has been denied his Sixth Amendment right to counsel on appeal. He argues that appellate counsel "dropped the ball" in retaliation to his request for appellate counsel's resume. Citing Penson v. Ohio, 488 U.S. 75, 84-85, 102 L.Ed.2d 300, 109 S.Ct. 346 (1988), appellant claims "[t]he right to be represented by counsel on direct appeal from a conviction as well as at the criminal trial is among the most fundamental rights." He also relies on Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), which held that the Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right. However, four years after *Douglas*, the Court decided Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which implemented safeguards for first appeals by indigent defendants. *Anders* and *Penson* require that an indigent defendant be afforded assistance of counsel on appeal only after a separate inquiry by an appellate court determines that arguably meritorious grounds for reversal of a conviction exist. Appellate counsel has complied with the procedural safeguards of *Anders* and *Penson*. Nevertheless, appellant requests that we appoint new counsel to represent him on appeal from his seven convictions. The Legislature has given the trial court, not this Court, the responsibility for appointing counsel to represent indigent

defendants as well as the authority to relieve or replace counsel. *See* Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.). Appellant's *pro se* contentions are overruled.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgments of the trial court are affirmed.

Don H. Reavis
Justice

Do not publish.