BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-05-0109-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 22, 2006


______________________________



DONALD HICKS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-408202; HON. JIM BOB DARNELL, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Donald Hicks (appellant) appeals his conviction for burglary of a habitation with
intent to commit theft. The clerk's record was filed on July 8, 2005, a supplemental clerk's
record was filed on November 3, 2005, and the reporter's record was filed on October 21,
2005. Thus, appellant's brief was due to be filed no later than December 5, 2005. That
date passed without appellant filing a brief, however. So, on December 6, 2005, this court
notified appellant that neither the brief nor an extension of time to file the brief had been
received by the court, and unless a brief or a response was filed by December 16, 2005,
the appeal would be abated to the trial court. No response or brief was received within the
deadline, and we abated the appeal to the trial court on December 20, 2005. However, the
matter was reinstated after counsel filed a motion for extension of time. We granted the
motion and extended the deadline to January 21, 2006. On January 23, 2006, counsel for
appellant filed another motion to extend the deadline which motion we again granted. The
deadline was extended to February 14, 2006; however, this time we admonished counsel
that no further extensions would be granted and if the brief was not filed by that date, the
appeal would be abated to the trial court. Rather than comply with our directive,
appellant's counsel filed a third request for extension. The reasons purportedly justifying
it differ little from those mentioned in his other motion, and all involve his workload. 

 We deny the motion. Counsel's failure to timely file a brief on behalf of appellant
has denied appellant the effective assistance of counsel. See Evitts v. Lucey, 469 U.S.
387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent
defendant is entitled to the effective assistance of counsel on the first appeal as of right
and that counsel must be available to assist in preparing and submitting an appellate brief). 
Consequently, we remand the cause to the trial court with directions to determine if
appellant is indigent and cares to prosecute this appeal. If appellant is and does, then the
trial court is directed to relieve Kelly Clark as counsel for appellant and appoint another
attorney to represent appellant on appeal. We further direct the trial court to include the
order appointing new counsel in a supplemental record and cause same to be filed with
this court no later than March 15, 2006. Should additional time be needed to perform
these tasks, the trial court may request same on or before March 15, 2006.

 It is so ordered.


 Per Curiam

Do not publish.



caine on
February 18, 2000, 8.5 grams of methamphetamine on March 3, 2000, 7.1 grams of
cocaine on March 30, 2000, and 7.7 grams of methamphetamine on April 19, 2000. During
the February 18 purchase appellant indicated to the agents that he could obtain
untraceable weapons to sell to them and on March 3, the agents purchased a sawed-off
shotgun in addition to cocaine. 

 On September 25, 2000, ATF officers and Agent Redden served a federal warrant
on appellant for firearm violations. Redden entered appellant's home in an undercover
capacity and was led to the bedroom by appellant's girlfriend. Appellant and his infant son
were laying on the bed next to an open diaper bag. Redden noticed a plastic bag
containing what appeared to be cocaine on top of the diaper bag. Appellant was informed
that a federal warrant was being served and he was taken into custody. Although his
girlfriend tried to close the diaper bag, a search revealed two plastic bags containing a
total of 41 grams of cocaine and one plastic bag containing a quarter of a pound of
marijuana.

 Appellant was charged with seven separate offenses involving either possession
or delivery of narcotics. He entered pleas of guilty to all charges with no agreement on
punishment and evidence was heard with regard to sentencing. Agent Redden and his
partner testified about appellant's status as a mid-level drug dealer. Redden testified that
he would page appellant and set up a meeting to purchase narcotics. Appellant would
then meet with his supplier to obtain what Redden had requested.

 Appellant testified that he was a drug user and tried to leave an impression that he
was merely a runner for his supplier. Although he did not consider himself a dealer, he
admitted selling drugs to the agents at higher than usual prices in order to pay his supplier
and have money left to support his baby. Although appellant claimed that the narcotics
were never in his home and that he met with his supplier to obtain them, he could not
convincingly explain why he was in possession of 41 grams of cocaine when he was
arrested on September 25. He testified that he had that amount in his possession in
anticipation that Redden would contact him again as he had done regularly in the past. 
However, Redden and appellant had not engaged in a transaction since April. Appellant
expressed regret and remorse for his actions and admitted to being a "stupid" criminal. 
However, when questioned whether he was aware that the more drugs he sold to the
agents the more trouble he was in, he replied, "I knew the more I sold, the more time you
get . . . ." He did not request probation and realized he would be punished for his crimes. 

 The State also introduced evidence of appellant's juvenile history which established
several prior convictions and a probation revocation. At the conclusion of the punishment
evidence, the trial court ruled that the evidence clearly showed appellant was a dealer. 
The court also expressed concern that given appellant's criminal history, he had not taken
advantage of the numerous chances he had been given. Concluding that appellant had
made "bad choices," he was sentenced to one year confinement for a state jail felony, four
ten-year sentences for second degree felonies, and two 30-year sentences for first degree
felonies all to run concurrently.

 Counsel presents three arguable points on appeal, to wit: (1) ineffective assistance
of counsel, (2) voluntariness of appellant's pleas, and (3) abuse of discretion in
sentencing. However, after a discussion of the evidence and legal authorities, counsel
candidly concedes that no reversible error is presented in any of the appeals.

 To establish ineffective assistance of counsel appellant must establish that (1)
counsel's conduct was deficient (i.e., fell below an objective standard of reasonableness),
and (2) there is a reasonable probability that but for counsel's deficient performance, the
result of the proceeding would have been different. Strickland v. Washington, 466 U.S.
668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55
(Tex.Cr.App. 1986). A strong presumption exists that defense counsel's conduct falls
within a wide range of reasonable representation. Strickland, 466 U.S. at 690, 104 S.Ct.
at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999),
cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a
challenge of ineffective assistance of counsel, it must be firmly founded in the record. 
Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981). If the record is silent
regarding any alleged ineffectiveness of counsel, appellant cannot overcome the
presumption that counsel's conduct fell within a wide range of reasonable professional
representation.

 In most instances, the most effective way to demonstrate ineffective assistance of
counsel is by presenting evidence at a hearing on a motion for new trial. See generally
McCain v. State, 995 S.W.2d 229, 245 n.9 (Tex.App.-Houston [14th Dist.] 1999, pet.
denied) (discussing ineffective assistance during voir dire). However, here, appellant did
not file motions for new trial and the records before us are silent regarding any alleged
ineffectiveness by counsel. Thus, no reversible error is presented on the ground of
ineffective assistance of counsel.

 Because appellant's guilty pleas were not entered pursuant to felony plea 
bargains, we can review whether they were involuntary. See Cooper v. State, 45 S.W.3d
77 (Tex.Cr.App. 2001) (holding that voluntariness of a plea may not be raised on appeal
from a plea-bargained felony conviction). When the record shows that a defendant was
properly admonished, there is a prima facie showing of a knowing and voluntary guilty
plea. Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.Cr. App. 1985). The burden then
shifts to the defendant to establish that he plead guilty without understanding the
consequences of his plea and, consequently, suffered harm. Tex. Code Crim. Proc. Ann.
art. 26.13(c) (Vernon 1989). Gibauitch, 688 S.W.2d at 871. In reviewing the voluntariness
of a defendant's guilty plea, we review the entire record. Martinez v. State, 981 S.W.2d
195, 197 (Tex.Cr.App. 1998) (en banc). 

 The record reflects that appellant was admonished by the trial court prior to the
presentation of punishment evidence. Appellant informed the trial court that his pleas were
voluntary and that his judicial confessions were signed of his own free will. He also signed
written admonishments acknowledging that he was aware of the consequences of his
pleas. Because appellant was properly admonished, it was incumbent upon him to show
that he entered his guilty pleas without understanding the consequences thereof, and thus
suffered harm. However, there is nothing in the records before us to indicate that
appellant was induced into pleading guilty or that he was unaware of the consequences
of his pleas. Therefore, no reversible error exists on the basis of appellant's guilty pleas.

 Counsel also concedes that no reversible error is shown in the sentences imposed
by the trial court. Generally, a penalty imposed within the range of punishment established
by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478
(Tex.App.-Eastland 1996, pet. ref'd). Appellant received a one-year sentence for the state
jail felony of possession of marihuana of five pounds or less but more than four ounces. (3)
A state jail felony is punishable by confinement for not more than two years or less than
180 days. (4) Four separate ten-year sentences were imposed for (1) possession of cocaine
of four grams or more but less than 200; (2) and (3) delivery of methamphetamine of one
gram or more but less than four; and (4) delivery of cocaine of one gram or more but less
than four. (5) These offenses constitute second degree felonies punishable by not more than
20 years or less than two years. (6) Appellant was sentenced to two 30-year sentences for
delivery of methamphetamine of four grams or more but less than 200, which are first
degree felonies with a punishment range of not more than 99 years or less than five years
confinement. (7) All seven sentences imposed by the trial court were within the range of
punishment established by the Legislature and thus, no abuse of discretion is shown. 
Moreover, appellant's sentences were half of the maximum recommended range of
punishment in the first five offenses and on the low end of the range of punishment for the
two first degree felonies.

 By his pro se brief in support of his motion, appellant mirrors appellate counsel's
arguments on ineffective assistance of counsel and the voluntariness of his guilty pleas. 
Because we have already reviewed these contentions, we will not repeat our analysis. 
However, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 131 L.Ed. 2d 490 (1963),
appellant contends that his right to due process under the Fourteenth Amendment was
violated by the prosecution for failing to disclose favorable evidence. We disagree. In
Brady, the Supreme Court held that the prosecution violates due process when it
suppresses evidence in its possession favorable to an accused "where the evidence is
material either to guilt or punishment." Id. at 87. Evidence is material if there is a
reasonable probability that, had the evidence been disclosed to the defense, the outcome
of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 676,
105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

 Specifically, appellant contends the prosecution was in possession of a statement
made by Jonathan Burch, the confidential informant who introduced appellant to the
agents, that might have proven his innocence. He asserts that Burch and Agent Redden
had their own "agenda" and that Burch made a statement to Redden during an interview
after appellant was arrested that if disclosed would have changed the outcome of his
convictions. The record before us does not establish any statements made by Burch to
Agent Redden that would invoke Brady. Furthermore, appellant never claimed to be
innocent of the charged offenses. He testified that he was a "stupid" criminal and that he
knew he would have to be punished for what he had done. Appellant has not established
that material evidence, if any, was withheld from him by the prosecution or that it would
have resulted in a different outcome. 

 Appellant also contends that his appellate counsel is ineffective and thus he has
been denied his Sixth Amendment right to counsel on appeal. He argues that appellate
counsel "dropped the ball" in retaliation to his request for appellate counsel's resume. 
Citing Penson v. Ohio, 488 U.S. 75, 84-85, 102 L.Ed.2d 300, 109 S.Ct. 346 (1988),
appellant claims "[t]he right to be represented by counsel on direct appeal from a
conviction as well as at the criminal trial is among the most fundamental rights." He also
relies on Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), which
held that the Fourteenth Amendment guarantees a criminal appellant the right to counsel
on a first appeal as of right. However, four years after Douglas, the Court decided Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which implemented
safeguards for first appeals by indigent defendants. Anders and Penson require that an
indigent defendant be afforded assistance of counsel on appeal only after a separate
inquiry by an appellate court determines that arguably meritorious grounds for reversal of
a conviction exist. Appellate counsel has complied with the procedural safeguards of
Anders and Penson. Nevertheless, appellant requests that we appoint new counsel to
represent him on appeal from his seven convictions. The Legislature has given the trial
court, not this Court, the responsibility for appointing counsel to represent indigent
defendants as well as the authority to relieve or replace counsel. See Enriquez v. State,
999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Appellant's pro se contentions are
overruled. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgments of
the trial court are affirmed.

 Don H. Reavis


 Justice

 



Do not publish. 










1. Although the judgments reflect appellant's surname as Nickles, his pro se brief
reflects his surname is Nickels.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
3. See Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon Supp. 2002).
4. See Tex. Penal Code Ann. § 12.35(a) (Vernon 1994).
5. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D) and 481.102(6) (Vernon
Supp. 2002); see also §§ 481.112(c) and 481.115(d).
6. Tex. Penal Code Ann. § 12.33(a) (Vernon 1994).
7. See Tex. Health & Safety Code Ann. § 481.112(d) (Vernon Supp. 2002), and Tex.
Penal Code Ann. § 12.32(a) (Vernon 1994).