Ex parte Lawrence Anthony
GIBAUITCH.

No. 69248.

Court of Criminal Appeals of Texas,
En Banc.

May 1, 1985.

Lawrence Anthony Gibauitch, pro se.

John B. Holmes, Jr., Dist. Atty., and Eleanor Montague McCarthy, Asst. Dist.

Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a post-conviction application for habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Applicant was indicted for the offense of delivery of 400 grams or more of cocaine, alleged to have occurred on December 7, 1981. By agreement with the State, applicant pled guilty to the offense of possession of 400 grams or more of cocaine. There was no plea bargain as to punishment. After the pre-sentence investigation, the court assessed punishment at sixteen years. The Fourteenth Court of Appeals (Houston) affirmed the conviction in an unpublished per curiam opinion delivered May 12, 1983 (No. A14-82-702-CR).

At the plea proceeding on August 9, 1982, the trial court admonished applicant that the penalty range for possession of cocaine in the amount alleged was confinement for a term of not less than ten years, nor more than ninety-nine years, or life, and that the court could also assess a fine not to exceed $100,000.00.

The trial court's admonishment accurately stated the punishment range for the offense as set out in the 1981 amendment[1] to the Texas Controlled Substances Act, Art. 4476–15, V.A.C.S.

In Ex parte Crisp, 661 S.W.2d 944 (Tex. Cr.App.1983), we held the 1981 amendment unconstitutional. As a result, applicant's offense at the time of his plea was subject to the penalty set by the law before the void 1981 amendment. That penalty was second-degree felony punishment:[2] confinement for any term of not more than 20 years or less than 2 years, and a possible fine not to exceed $10,000.00.

Invoking Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed. 747 (1970) and Art. 26.13, V.A.C.C.P., applicant makes his claim as follows:

"[Applicant] having been tried and convicted under a statute in which he thought he could have received a sentence of life or ninety-nine (99) years, [applicant] would have decided, because of trial strategy, to have his case tried before a jury rather than the trial court, had he known the minimum punishment was two (2) years and the maximum penal punishment was twenty (20) years. It is not an [sic] 'knowingly and intelligent act' ... 'with sufficient awareness of the relevant circumstances and likely consequences,' to plead guilty and receive a sixteen (16) year sentence, when the only possible maximum penal punishment was twenty (20) years and then relinquish one's constitutional rights."

The State's answer denies that applicant's plea was unknowing or involuntary. At the habeas hearing applicant offered no evidence about any alternative or abandoned trial strategy. Instead, the only evidence applicant offered on the admonishment issue was the statement of facts from the plea proceeding, which contained the record of the admonishment given, and his own testimony that, had he known that the "actual" range of punishment was from two to twenty years, he would not have pled guilty.

Article 26.13, supra, provides in pertinent part:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense;

"...

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of

---

1. Acts 1981, 67th Leg., ch. 268, pp. 696, 700, eff. Sept. 1, 1981 (H.B.730).

2. Acts 1973, 63rd Leg., ch. 429, pp. 1132, 1148; amended by Acts 1983, 68th Leg., ch. 425, pp. 2361, 2380, eff. Aug. 29, 1983.

his plea and that he was misled or harmed by the admonishment of the court."

■ Article 26.13 requires reversal of the conviction when the trial court wholly fails to admonish the defendant concerning punishment. *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980); *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr.App.1979).

■ On the other hand, when the record shows that the trial court gave an admonishment that was incomplete or incorrect, there is a *prima facie* showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed. *DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App.1981); Ex parte McAtee, supra. See also *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1981), *Borrego v. State*, 558 S.W.2d 1 (Tex.Cr. App.1977), and *Adams v. State*, 630 S.W.2d 806 (Tex.App.—Houston [1st Dist] 1982 no pet.)

*In Ex parte Smith*, 678 S.W.2d 78 (Tex. Cr.App.1984), defendant pled guilty to delivery of marihuana of less than five pounds but more than four ounces. Defendant was convicted for the offense on September 16, 1983, two days after our decision in *Ex parte Crisp, supra*.[3] Defendant was admonished that the penalty range was not less than two years nor more than twenty years confinement. But as a result of *Crisp*, the penalty applicable to the offense was not less than two nor more than ten years. Defendant had a plea bargain with the State, and was assessed punishment of not less than two nor more than eight years.

This Court stated that "there can be no question that the admonishment was not proper." The Court noted that defendant alleged under oath he would not have entered the plea bargain if he had known the maximum penalty was only one-half of what he was told, and that this allegation was not contradicted. The Court concluded that defendant was not aware of the consequences of his plea, that he was harmed by the court's admonishment, and further, under all the circumstances, the guilty plea was not knowingly and voluntarily entered.

■ Under *Brady v. United States, supra*, the standard of voluntariness of guilty pleas requires full awareness of the direct consequences, including the actual value of any commitments made to the defendant by the court, the prosecutor, or his own counsel. In *Smith*, supra, defendant was unable to appreciate the actual value of his plea bargain because the maximum punishment he risked without the bargain was overstated to him.

There was a plea bargain also in *Hurwitz v. State*, (No. 742–84, Tex.Cr.App., delivered April 10, 1985). A two-count indictment charged defendant with possessing more than fifty pounds of marihuana, and with possessing more than five but less than fifty. Defendant pled guilty to possession of more than five but less than fifty. Under H.B. 730 that offense was a second-degree felony, and the trial court accurately admonished defendant of the punishment range. As a result of *Crisp*, supra, the offense was a third degree felony. Thus the trial court admonished defendant that the maximum punishment for the offense was twenty years, when in fact the maximum was ten years. Pursuant to the plea bargain, the trial court assessed two years—the minimum under both H.B. 730 and the pre-amendment law.

On appeal, defendant argued that his plea was rendered involuntary because of the improper admonishment. The Court of Appeals and this Court rejected that contention. Following the Court of Appeals in distinguishing the case from Ex parte Smith, supra, we wrote:

"Appellant filed a pre-trial motion to quash the indictment which was based

---

**3.** The September 16 opinion was affirmed on rehearing, 661 S.W.2d 956 (Dec. 7, 1983). The mandate issued on January 20, 1984.

solely upon the Third Court of Appeals opinion in *Crisp v. State*, 643 S.W.2d 487 (Tex.App.—Austin 1982). The hearing on this motion occurred *after* this Court had granted the State's petition for discretionary review in *Crisp*. The record reflects extensive discussion between the Court, the State, and defense counsel concerning the unsettled state of the law until this Court rendered its decision in *Crisp*. As the court of appeals pointed out in its decision, it was apparent to everyone that appellant was charged with either a third-degree felony or, alternatively, aggravated possession (Count I), and a second-degree felony (Count II), depending on this Court's holding in *Crisp*.

"Appellant very clearly had this knowledge when he entered into his plea bargain agreement with the State...."

We then quoted with approval the reasoning of the Court of Appeals:

"While we may conclude that appellant's decision as to his plea to be entered may have been rendered more burdensome by the *unsettled state of the law*, we cannot conclude that he was misled or harmed by the court's *admonishment*, which the record reflects he *knew* might or might not be correct. It is equally clear, as to his knowledge of the consequences of his plea, that he was aware that he had bargained for the minimum punishment available, regardless of the uncertainty as to whether the offense was a second- or third-degree felony." (Emphasis in original.)

Thus the defendant in *Hurwitz* was able to evaluate his bargain correctly. Even though the value of the bargain was contingent upon the ultimate resolution of the *Crisp* issue, defendant knew this. He was able to factor the contingency into his calculation of the relative benefit to him of waiving jury trial and pleading guilty in exchange for an agreed punishment.

■ We note that there is some dispute whether an admonishment that accurately recites the applicable penalty range of H.B. 730 is improper. See *Hurwitz*, supra (Clin-

ton, J., concurring). Presumably all are agreed, however, that such an admonishment constitutes at least substantial compliance with Art. 26.13, supra. *Ex parte Smith*, supra; *Hurwitz*, supra. The burden is then on applicant to show harm. *Devary*, supra; *Ex parte McAtee*, supra.

■ In the instant case, the trial court found as a fact that there was no plea bargain on punishment. The record of the plea proceeding clearly reflects that both applicant and his lawyer acknowledged to the trial court that there was no plea bargain. Applicant testified at the habeas hearing that when he went before the trial judge and entered his plea of guilty, he did not know what punishment the judge was going to assess. He further testified that neither the State nor the trial judge had promised him any certain term of punishment. There is no issue in this case, then, about applicant's ability to evaluate a plea bargain; there was no bargain. Applicant's plea was not unknowing or involuntary because of his unawareness of the actual value of a plea bargain.

Moreover, the trial court found as fact that applicant's lawyer had filed a motion to quash the indictment based on the unconstitutionality of the statute, and that "the disposition of the Applicant's case was delayed upon the Applicant's and his counsel's request, in the hope and expectation that the Act would be declared unconstitutional prior to the disposition of the case." At the habeas hearing, applicant was asked whether, at the time of his plea, he was aware "that the state of the law regarding the controlled substances act was changing or about to change," and applicant answered "Well, I was aware that it was inaccurate." Applicant has failed to show affirmatively that, despite his awareness, the admonishment misled or harmed him.

Finally, applicant's claim amounts to the bare assertion that he "would have decided ... to have the case tried before a jury rather than the trial court, had he known [the range was 2 to 20 rather than 10 to life]." Applicant has established no sup-

port for this assertion. The countervailing fact that applicant pled guilty with no plea bargain on punishment makes his claim all the more unlikely.

Applicant has failed to carry his burden of proof that his plea was involuntary or unknowing.

 Applicant further claims that his confinement is illegal because the trial court considered the wrong penalty range in assessing punishment. Applicant points out that the trial court's sixteen year assessment was in the lower part of the 10 to life range authorized by the 1981 amendment. Sixteen years is only four short of the 20 year maximum term authorized under the pre-amendment law. Thus applicant received a relatively light term measured by the void amendment, and a relatively harsh term measured by the pre-amendment act.

The trial court found as a fact that, "When the Court assessed the Applicant's punishment at sixteen (16) years, the Court purposefully assessed a punishment that would fall within the penalty range of the pre-amendment statute, in the event that the Act would later be declared unconstitutional." The trial court's focus was on the amendment's more severe range, and only as a precaution did the court take into account the pre-amendment act's lesser range. It seems undeniable that the amendment's penalty range—which from the trial court's perspective was presumptively the law—exerted on the court's discretion a distinct pressure toward a higher punishment; that is, toward the maximum provided by the pre-amendment act. Tolerating such influence exerted by the amendment would give effect to what we have elsewhere held to be "void ab initio." *Ex parte Crisp*, supra. Cf. *Hurwitz*, supra (defendant was assessed 2 years, the minimum under either the amendment or the

original act); see also Fuentes v. State, 688 S.W.2d 542 (Tex.Cr.App.1985) (defendant was assessed 7 years; *both* the amendment and the pre-amendment act provided a range of 5 to 99 years for the offense).

The cause is remanded to the trial court for reassessment of punishment. All other relief prayed for is denied.

ONION, P.J., dissents.

CLINTON, Judge, concurring.

We seem to be disposing of each cause implicating ramifications of our decision in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr. App.1983), on an *ad hoc* basis. Thus Smith won because he swore that had he known the maximum punishment later found to be available was one half of what he was told it was he would not have entered into a plea bargain "based on the wrong range of punishment." *Ex parte Smith*, 678 S.W.2d 78 (Tex.Cr.App.1984). Hurwitz lost because he entered into a plea bargain based on one range of punishment or another—no one knew for sure which would ultimately turn out to be correct—but he gained the minimum in either case. *Hurwitz v. State*, (Tex.Cr.App. No. 742–84, delivered April 10, 1985). See *Fuentes v. State*, 688 S.W.2d 542 (Tex.Cr.App.1985); see also *Hernandez v. State*, 669 S.W.2d 734 (Tex.Cr.App.1984) (judgment imposing punishment assessed by verdict of jury reversed because within higher range than authorized by revived provision of Texas Controlled Substances Act) and *Uribe and Correa v. State*, 688 S.W.2d 534 (Tex.Cr.App.1985). And as I understand its opinion today, though like Hurwitz appellant was aware of his prospects under *Crisp*, the majority says he loses because there is not a plea bargain as to punishment and therefore nothing for applicant "to evaluate." [1] If there is any common principle at work in all this, it has not manifested itself. [2]

1. Of course there was a plea agreement: In exchange for his plea of guilty the State abandoned and dismissed two of three paragraphs in the indictment alleging aggravated delivery of cocaine, and reduced the charge in the first

paragraph to possession of four hundred or more grams of cocaine.

2. In the instant cause the supreme irony is that since applicant was aware of the uncertain state of the law he does not get a new trial, but because the trial judge expressed a similar

Concurring in *Hurwitz,* supra, I pointed out, "But for the fact that H.B. 730 was subsequently found unconstitutional there would be no question about what the prosecution and accused agreed to do and did and what the trial court ultimately did," and added, "[T]hat the statute was later found unconstitutional would not *ipso facto* render an otherwise free and voluntary plea 'involuntary,'" although other factors might require reversal of the conviction. In the cause at bar I do not find any reversible feature.

Obviously the State was prepared to prove that applicant possessed and delivered four hundred or more grams of cocaine. In this case and others like it we should follow the rationale of *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), *viz:*

> "[A]bsent misrepresentation or other impermissible conduct by state agents ..., a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise. A plea of guilty triggered by the expectations of a competently counseled defendant that the State will have a strong case against him is not subject to later attack because the defendant's lawyer [and the trial judge] correctly advised him with respect to the then existing penalties but later pronouncements of the courts, as in this case, hold that the maximum penalty for the crime in question was less than was reasonably assumed at the time the plea was entered."

*Id.,* U.S. at 757, S.Ct. at 1473. The Supreme Court found no constitutional requirement "that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that ... the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions."

*Id.,* U.S. at 757, S.Ct. at 1474. Nor, so far as I am aware, is there any such statutory requirement.

Finally, the majority would have this Court remand the cause for reassessment of punishment. *Dubitante,* I defer to the collective judgment of the majority.

For these reasons I concur in the order of the Court.

TEAGUE, Judge, dissenting.

Notwithstanding that I continue to adhere to what I stated in the concurring opinion that I filed in *Hurwitz v. State* (Tex. Cr.App.1985) (No. 742–84, April 10, 1985), I am compelled in this instance to dissent to the majority opinion because the record in this cause clearly reflects that Gibauitch, the appellant, is entitled to relief-either because his plea of guilty was involuntary or because there was *no compliance* with the provisions of Art. 26.13(a)(1), V.A.C.C.P., when the trial judge admonished Gibauitch of the punishment for the offense to which he pled guilty.

The record reflects that the trial judge admonished Gibauitch that the penalty range for the offense to which he pled guilty was confinement in the Department of Corrections for a term of not less than ten years, nor more than ninety-nine years, or life, and a fine not to exceed $100,000. However, but because of this Court's decision of *Ex parte Crisp,* 661 S.W.2d 944 (Tex.Cr.App.1983), the penalty range for the offense to which Gibauitch pled guilty to committing was actually not less than two years nor more than twenty years, and a possible fine not to exceed $10,000.

Gibauitch, without contradiction, testified in the trial court that had he known that the punishment range was not as the trial judge stated to him, but, instead, was not less than two years nor more than twenty years, and a possible fine not to exceed $10,000, he would not have pled guilty. He asserts that the erroneous admonishment

---

awareness the court must reassess punishment. One wonders how the penalty range provided by the 1981 amendment "exerted on the court's

discretion a distinct pressure toward a higher punishment," yet did not likewise influence applicant in his decision to plead guilty.

he received from the trial judge rendered his plea involuntary. In light of the record before us, I agree with his assertion.

However, there is yet another reason, other than the fact that Gibauitch's plea of guilty was involuntary, why his plea of guilty should be set aside.

In this instance, because of what this Court stated and held in *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1981) (Opinion on State's Motion for Rehearing), there was no compliance, much less substantial, compliance with the provisions of Art. 26.-13(a)(1), supra, when the trial judge admonished Gibauitch as to the punishment for the offense to which he pled guilty.

In this instance, when the trial judge admonished Gibauitch, the trial judge did not state either the correct minimum punishment or the correct maximum punishment for the offense. Cf. *Hurwitz v. State*, supra. The admonishment that was given, to me, if no one else, represents a total failure on the part of the trial judge to admonish Gibauitch on the punishment for the offense to which Gibauitch pled guilty to committing. The admonishment Gibauitch received from the trial judge represents no compliance with the provisions of Art. 26.13(a)(1), supra. "In such a case the danger of the defendant entering an unknowing and involuntary plea is so great that no specific harm need be shown." *Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex.Cr. App.1980). Cf. *Borrego v. State*, 558 S.W.2d 1 (Tex.Cr.App.1977).

To the failure of the majority to grant Gibauitch relief, either because his plea of guilty was involuntary or because he received no admonishment pursuant to the provisions of Art. 26.13(a)(1), supra, I compelled to respectfully dissent.