NO. 07-00-0271-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 9, 2001

______________________________

RAY JIMENEZ CHACON,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;

NO. 12,817-C; HON. PATRICK PIRTLE, PRESIDING

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Ray Jimenez Chacon appeals his conviction for burglary of a habitation.  Appellant entered an open plea of guilty and elected for the court to set punishment.  The punishment assessed was 20 years imprisonment accompanied by no fine.  Now, appellant contends, through one issue, that his plea was unknowing and involuntary because the trial court’s admonishment regarding the range of punishment was incorrect.  We overrule the issue and affirm.

Both the appellant and the State agree that the admonishment provided to appellant was incorrect.  That is, the trial court informed him that he could be assessed from five to ninety-nine years imprisonment.  However, the actual range was two to twenty years.  The trial court ultimately levied a sentence of 20 years, a term within both the actual range and that encompassed by the admonishment.

Next, while the utter failure to admonish appellant of the applicable range of punishment may require reversal, 
Ex parte Gibauitch
, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985)
, the same is not true where an inaccurate admonishment is given and the sentence falls within the correct range.  
Id.
; 
Davis v. State
, 7 S.W.3d 695, 697 (Tex. App.–Houston [1
st
 Dist.] 1999, no pet.).  In the latter situation, it has been held that the  admonishment substantially complies with the dictates of Texas Code of Criminal Procedure art. 26.13.
(footnote: 1)  
Id.
  And, under those circumstances, the burden shifts to the appellant to affirmatively show 
by evidence of record
 that he was not aware of the consequences of his plea and that he was misled or harmed by the inaccurate admonishment.  
Tex. Code Crim. Proc. Ann
.
 art. 26.13(c) (Vernon1989);
 Grays v. State
, 876 S.W.2d 878 (Tex. App.–Dallas 1994, no pet.).  

Here, while the admonishment was incorrect, the trial court nevertheless admonished appellant about the range of punishment.  Furthermore, the sentence ultimately levied (
i.e.
 20 years imprisonment) came within both the actual range of punishment and the range mentioned by the trial court.  Thus, the admonishment substantially complied with art. 26.13 of the Code of Criminal Procedure.
(footnote: 2)  Given this, appellant must show that he was unaware of the consequences of his plea 
and
 misled or harmed to secure reversal.  Yet, he cites us to no evidence of record establishing either requirement.  Nor does our independent review of the record reveal such evidence.  Indeed, nothing before us illustrates that appellant was actually unaware of the true range of punishment.  
See Grays v. State
, 888 S.W.2d at 878 (stating that “[e]ven given an incorrect admonishment, a defendant may otherwise know or understand the correct range . . . before the court accepts the plea”).  Nor does the record suggest that he was unaware of the fact that 1) he could have been sentenced to twenty years and 2) he was nonetheless waiving his rights to trial, to confront witnesses, and the like irrespective of the court’s admonishment.  

More importantly, because his plea of guilty was open (
i.e.
 without any recommendation from the state), we cannot say, given the record before us, that the misinformation somehow prevented the appellant from pursuing favorable options or otherwise harmed him.  As acknowledged by the Court of Criminal Appeals, an open plea effectively vitiates any question regarding appellant’s ability to evaluate a plea bargain.  
Ex parte Gibauitch
, 688 S.W.2d at 872.  Simply put, one cannot reasonably suggest that inaccurate information concerning the potential punishment he faced impeded his ability to evaluate a plea bargain when there existed no plea bargain.  
Id.
  “Appellant faced the same prospects for punishment regardless of whether he chose to plead guilty or go to trial”.  
Grays v. State
, 888 S.W.2d at 876.  

So too does it strain logic to infer that appellant would have pled not guilty had he been properly admonished.  Having chosen to throw himself into a lion’s den when he thought he faced the teeth of ten lions hardly suggests that he would have done otherwise had he known that only one lion roamed the grounds.   

In sum, we hold that the admonishment substantially complied with art. 26.13 of the Texas Code of Criminal Procedure.  We also hold that the record contains no evidence establishing that appellant failed to know or understand the consequences of his plea or that he was misled or harmed by the admonishment.  Accordingly, the judgment is affirmed.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
Article 26.13 of the Texas Code of Criminal Procedure lists the admonishments which must be afforded on pleading guilty.

2:
We reject appellant’s contention that because the admonishment incorrectly stated both the minimum and maximum range of punishment, it was comparable to no admonishment at all.   In 
Gibauitch
, both the minimum and maximum punishment were misstated.  Nevertheless, the Court of Criminal Appeals as well as the litigants presumed that the admonishment substantially complied with art. 26.13.  
Ex parte Gibauitch
, 688 S.W.2d 868, 872 (Tex. Crim. App. 1985).