11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Richard Henry Williams, Jr.

Appellant

Vs.                   No.
11-01-00338-CR  --  Appeal from Dallas County

State of Texas

Appellee

 

Richard Henry Williams, Jr. entered an open plea
of guilty to the offense of delivery of more than 4 but less than 200 grams of
cocaine.  He also entered pleas of true
to both enhancement allegations.  The
trial court convicted appellant and assessed his punishment at confinement for
25 years.  We affirm.  

In his sole issue, appellant contends that his
plea was not made voluntarily because he did not have a full understanding of
the applicable law.  Appellant asserts
that, at the time of his plea, he believed he would be placed on deferred
adjudication.  








The clerk=s
record in this case shows that appellant received and signed written
admonitions from the trial court concerning his statutory and constitutional
rights.  See TEX. CODE CRIM. PRO. ANN.
art. 26.13 (Vernon 1989 & Supp. 2002). 
The record also shows that appellant received verbal admonitions from
the trial court at the plea hearing. 
The trial court properly instructed appellant regarding the range of
punishment, including the fact that the minimum punishment available was 25
years confinement.  TEX. PENAL CODE ANN.
' 12.42(d) (Vernon
Supp. 2002).  Appellant indicated that
he understood his rights and the risks involved with an open plea of
guilty.  Appellant also stated that he
understood the applicable range of punishment. 
Because the record indicates that appellant was properly admonished, a
prima facie showing was made that his plea was knowing and voluntary.  Thus, the burden switched to appellant to
demonstrate that he did not fully understand the consequences of his plea such
that he suffered harm.  Martinez v.
State, 981 S.W.2d 195, 197 (Tex.Cr.App.1998); Ex parte Gibauitch, 688 S.W.2d
868 (Tex.Cr.App.1985).  Appellant failed
to meet this burden.  He has not shown
that he did not understand the consequences of his plea.  To the contrary, the record indicates that
appellant understood the consequences of his plea and the risk that he was
taking with the hope that the trial court would place him on deferred
adjudication.  Appellant=s sole issue is overruled. 

The judgment of the trial court is affirmed.  

 

PER CURIAM

July 11, 2002

Do not publish. 
See TEX.R.APP.P. 47.3(b).

Panel
consists of:  Arnot, C.J., and 

Wright,
J., and McCall, J.