Affirmed and Opinion filed July 6, 2006









Affirmed and Opinion filed July 6,
2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01172-CR

____________

 

RUBEN OMAR CASTANEDA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellees

 

 

 

On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 959,570

 

 

 

O P I N I
O N

            Appellant Ruben Omar Castaneda
appeals his conviction of aggravated sexual assault.  In a single issue, he
asserts that his plea was involuntary because the trial court failed to
admonish him of the sex offender registration requirements of Article
26.13(a)(5) of the Texas Code of Criminal Procedure.  We affirm.

 








I.  Factual and Procedural Background

            On August 23, 2004, appellant and his
brother, Mario Castaneda, abducted the complainant, E. V.  They eventually
brought her to a remote field and raped her.  The complainant later viewed a
photo array and identified appellant as one of her assailants.  Appellant was
charged with aggravated sexual assault and entered a guilty plea.  Written
admonishments, signed by appellant, were filed in the trial court.  After a
pre-sentence investigation, the trial court conducted a hearing on punishment,
and sentenced appellant to thirty years’ confinement in the Texas Department of
Criminal Justice.  

II.  Analysis 

            Appellant claims that his guilty plea
was involuntary because the trial court failed to admonish him about the sex
offender registration requirements under article 26.13(a)(5).  Appellant bases
his contention on the absence of this specific admonishment in the trial
court’s written admonishments, or anywhere else in the record. 

            Article 26.13
(a)(5) provides that, prior to accepting a plea of guilty or a plea of nolo
contendere in applicable cases, the trial court shall admonish the defendant
about the requirements of Chapter 62 that will come into play if the defendant
is convicted or placed on deferred adjudication for an offense for which a
person is subject to registration under that chapter.  See Tex. Code Crim. Pro. Ann. art.
26.13(a)(5).  Article 26.13(c) provides that in admonishing the defendant,
“substantial compliance by the court is sufficient, unless the defendant
affirmatively shows that he was not aware of the consequences of his plea and
that he was misled or harmed by the admonitions of the court.”   Id. at art. 26.13(c).  The court may give the admonishments orally or
in writing. Id. at art. 26.13(d).

            In arraigning
appellant, the trial court did not include an admonishment about the sex
offender registration requirements among its written admonishments.[1] 
Because appellant waived a record of his plea hearing, it is impossible to
determine from the appellate record whether the trial court orally admonished
appellant of his obligation, if convicted,  to register as a sex offender. 
Therefore, we cannot determine from the record whether the trial court erred. 
See Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985) (holding
that [w]hen the record shows that the trial court gave an incomplete or
incorrect admonishment, there is a prima facie showing that the defendant made
a knowing and voluntary plea of guilty.”); see also Castaneda v.
State, No. 14-04-01173-CR,  2006 WL 561898, *1 (Tex. App.—Houston [14
Dist.] Mar. 02, 2006, pet. filed) (not designated for publication) (stating
that “[b]ecause appellant did not produce a record of the plea hearing, it is
impossible to determine from the appellate record whether the trial court
orally admonished appellant of his obligation to register as a sex offender if
convicted.”); Cathey v. State, No. 14-96-01403-CR, 1999 WL 21355,
*1 (Tex. App.—Houston [14th Dist.], Jan. 21, 1999, no pet.) (not designated for
publication) (showing that the appellate court, because there is no record of
any oral admonishments, and because appellant had waived a record of his plea
hearing, could not conclude that the trial court did not properly admonish him
regarding punishment).  Any error by the trial court was not preserved for
appellate review.

            Moreover,
even if the record showed the trial court failed to admonish appellant of his
obligation to register as a sex offender if convicted, any error would be
harmless. The failure of a trial court to admonish a defendant as to potential
consequences of having to register as a sex offender does not render a guilty
plea involuntary. See Jackson v. State, 182 S.W.3d 914, 921 (Tex. Crim.
App. 2006) (after considering the record as a whole, court concluded no
substantial right involving decision to plead guilty was affected by the trial 

 class=Section3>

court’s error in failing
to admonish defendant of the registration requirement for convicted sex
offenders; thus, the error was held harmless);  Mitschke v. State, 129
S.W.3d 130, 136 (Tex. Crim. App. 2004) (concluding that failure to admonish
defendant as to sex-offender registration requirement did not violate his due
process rights).

            A violation
of article 26.13 falls within the non-constitutional harmless error standard
embodied in Texas Rule of Appellate Procedure 44.2(b).   Anderson v. State,
182 S.W.3d 914, 918–19 (Tex. Crim. App. 2006).  In applying this rule to the
failure to give an admonition, the reviewing court must reverse unless,
considering the record as a whole, the reviewing court has fair assurance that
the defendant’s decision to plead guilty would not have changed had the court
properly admonished him.  Id. at 919.  In considering the effect of this
type of error on an appellant’s decision to plead guilty, we must consider,
among other things, the strength of the evidence of guilt.  Id.

            Appellant,
his brother, and the complainant each gave a statement to the police. In her
statement, the complainant said she had stepped out of her apartment when
appellant and his brother grabbed her and forced her into their car.  They
initially drove to a motel, then left the motel and took her out to an open
field.  While in the field, the brothers alternately sexually assaulted the
complainant.  The complainant testified that she fought her assailants and
feared for her life during the attack.  Appellant and his brother gave
statements to the police in which they admitted the sexual assault occurred
without the complainant’s consent, but stated the complainant got into their
car voluntarily.  Considering the record as a whole, even if the trial court
failed to admonish appellant, there is no evidence that appellant’s decision to
plead guilty to the aggravated sexual assault charge would have been different
if the trial court had admonished him about the sex offender registration
requirements. Therefore, the error, if any, was harmless. See Anderson, 182 S.W.3d at 919.  Accordingly, we overrule appellant’s sole issue on
appeal. 








            The trial
court’s judgment is affirmed.

                                                                                    

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

                                                                                                                        

 

Judgment rendered and Opinion filed
July 6, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.

Publish — Tex. R. App. P. 47.2(b).









[1] 
The trial court admonished appellant in writing of the range of punishment
attached to the offense and the possibility of deportation because appellant is
not a citizen of the United States. The trial court did not admonish appellant
of the consequences of a plea bargain because appellant entered an open plea.