IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00206-CR

 

Willie Edward Davis,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 06-01284-CRF-85

 



DISSENT TO ORDER STRIKING BRIEF



 

            I agree with the disposition of Davis’s first issue and the decision to abate for a hearing on his motion to recuse the
trial judge.  See Kniatt v. State, 239 S.W.3d 910, 922 (Tex. App.—Waco
2007, order) (per curiam) (abuse of discretion by not correctly applying or interpreting
recusal law).

I disagree with the action to strike the State’s
brief.

            The State recently filed two motions
with us: (1) a motion to extend the time to file its brief; and (2) a motion to
exceed the page-limit for the brief.  The first has remained pending while the
second was dismissed as moot by the majority on July 15, 2008.

            A majority of this court has adopted
the position that when a brief is filed late, a motion to extend the time to
file that brief is moot because the brief has already been filed.   I have
disagreed with that position because, without the granting of the motion to
extend the time, the brief is still late and subject to being stricken as a
nonconforming document.  Tex. R. App. P.
9.4(i).  Just because the clerk’s office “files” the document, as they must
under Rule 9.2, does not mean that it complies with all the applicable rules.

            The same would be true of a brief that
has too many pages and is accompanied by a motion to exceed the page limit, as
happened here.  Just because the clerk’s office filed the too-long brief did
not automatically bring it into compliance with the rules, so the motion to
exceed the page limit should have been acted on and not declared to be moot, as
the majority did on July 15.

            Having declared moot the State’s
motion to exceed the page limit for its brief, the majority now strikes that
same brief because it is too long.  The majority does not mention the July 15
order, but unnecessarily criticizes the State about both the length and content
of the brief.

            I voted to grant the State’s motion to
exceed the page limit; the majority declared it moot.  Having refused to act on
it when the State sought relief under the Rules of Appellate Procedure, we
should not now adopt a contrary position.  If the motion was moot because the
brief had been filed, the brief should not be stricken now.  Thus, I
respectfully dissent from that part of the abatement order.




            For the reasons stated, I would also
grant the State’s pending motion to extend the time to file its brief, rather
than declaring that motion to be moot.








 

 

 

BILL VANCE

Justice

 

Dissent
to Order delivered and filed August 13, 2008

Publish






ed punishment at fifty years for aggravated sexual assault, twenty
years for aggravated assault, and twenty years for attempted aggravated kidnaping. The sentences
are to run concurrently.
      Rodriguez complains on appeal that his pleas of guilty were not made freely and voluntarily. 
He says he did not understand the consequences of his pleas because:
      1.   He was mentally unstable;
 
      2.   he is uneducated; and
 
      3.   the court did not properly admonish him at the plea hearing.
      “The constitutional key to validity of a guilty plea is that it be voluntary and intelligently made
and, if upon advice of an attorney, that counsel be reasonably competent and render effective
assistance.” Meyers v. State, 623 S.W.2d 397, 401 (Tex. Crim. App. 1981) (citing inter alia
McMann v. Richardson, 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970)). “The
overriding concern is whether a defendant has been deprived of due process and due course of
law.” Id. at 401 (citing Ex parte Lewis, 587 S.W.2d 697, 700 (Tex. Crim. App. 1979)). 
“Voluntariness” includes whether or not the defendant “was made fully aware of the direct
consequences” of the plea. State v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999)
(citing Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970)). 
“In considering the voluntariness of a guilty plea, the [appeals] court should examine the record
as a whole.” Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); see Brady, 397
U.S. at 749, 90 S.Ct. at 1469 (the court should examine “all of the relevant circumstances
surrounding” the plea).
      To ensure compliance with these constitutional principles, article 26.13 of the Code of
Criminal Procedure requires the trial judge to admonish the defendant concerning a number of
important consequences of the plea and to determine that the plea is made freely and voluntarily. 
Tex. Code Crim. Proc. Ann. art. 26.13(a), (b) (Vernon Supp. 2001 & Vernon 1989); Ex parte
Morrow, 952 S.W.2d 530, 534 (Tex. Crim. App. 1997). The purpose of admonishments was
discussed in McCarthy v. United States, 394 U.S. 459, 465-66, 89 S.Ct. 1166, 1170-71, 22
L.Ed.2d 418 (1969):
First, although the procedure embodied in [Federal] Rule 11 has not been held to be
constitutionally mandated, it is designed to assist the district judge in making the
constitutionally required determination that the guilty plea was truly voluntary. Second,
the rule is intended to produce a complete record at the time the plea is entered of the
factors relevant to the voluntariness determination. Thus the more meticulously the rule
is adhered to, the more it tends to discourage, or at least to enable more expeditious
disposition of, the numerous and often frivolous post conviction attacks on the
constitutional validity of guilty pleas . . . [.] A defendant who enters a guilty plea
simultaneously waives several constitutional rights, including his right to confront his
accusers. For this waiver to be valid under the Due Process Clause, it must be "an
intentional relinquishment of a known right or privilege." Johnson v. Zerbst, 304 U.S.
458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Consequently, if a defendant's guilty plea
is not equally knowing and voluntary, it has been obtained in violation of due process and
is therefore void. Moreover, because a guilty plea is an admission of all the elements of
a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an
understanding of the law in relation to the facts.
       art. 26.13(d) (Vernon 1989). Substantial compliance with the required admonishments
is adequate unless the defendant affirmatively shows he was not aware of the consequences of his
plea and that he was misled or harmed by the admonishments. Id. art. 26.13(c) (Vernon 1989). 
If the record shows the defendant was admonished, even if incompletely, on the issue he claims
renders his plea unknowing and involuntary, there is a “prima facie showing of a knowing and
voluntary plea of guilty.” E.g., Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App.
1985); Martinez, 981 S.W.2d at 197. Then “the burden shifts to the defendant to demonstrate that
he did not fully understand the consequences of his plea such that he suffered harm.” Id. The
admonishments are not of constitutional proportion, and if not properly given, the error is
reviewed under a non-constitutional standard. Carranza v. State, 980 S.W.2d 653, 656 (Tex.
Crim. App. 1998); Tex. R. App. P. 44.2(b).
      Rodriguez points out that he had only a fourth-grade education, and also that his lawyer
requested and obtained a mental examination for Rodriguez because there were “serious issues”
about his past and present mental state. However, the results of the mental examination are not
in the record, and the examination was not discussed at the sentencing hearing.


 No mention of
any intellectual or psychological difficulties affecting Rodriguez’s understanding of the
proceedings was made at the sentencing hearing, at which Rodriguez and his cousin testified. 
There is no direct evidence in the record that, due to psychological or educational deficiencies,
Rodriguez did not fully understand the consequences of his pleas.
      Rodriguez also complains that the record does not sufficiently show the court admonished him
at the plea hearing as required by law. Therefore, he maintains the record does not demonstrate
that he had a full understanding of the consequences of his pleas, and that his pleas were given
freely and voluntarily. Tex. Code Crim. Proc. Ann. art. 26.13(a), (b). The record in each case
contains a document called “Plea of Guilty” and another document containing a list of
admonishments. Both documents in each case were signed by Rodriguez, his attorney, the
assistant district attorney, and a deputy district clerk. However, Rodriguez points out that the
signature lines for the judge on the six documents were left blank. He says this makes the record
uncertain that he was properly admonished.
      The two documents in each case, signed by Rodriguez and his attorney, contain all the
necessary article 26.13 admonishments and also satisfy art. 26.13(d). This creates a prima facie
showing that Rodriguez’s pleas were freely and voluntarily given. Gibauitch, 688 S.W.2d at 871. 
Pointing out the simple fact that the judge did not sign the documents does not rebut that showing. 
See id.
      Furthermore, the plea-admonishment document in each case contains the statement: “I am
mentally competent, I understand the charge against me, and I understand the nature of these
proceedings. I am entering my guilty plea freely and voluntarily. I have read the admonishments
set out above. I understand the consequences of my plea.” In addition, the docket sheet in each
case contains an entry that at the plea hearing, “Defendant pleads guilty and appearing to the Court
to be sane, is admonished by the Court of the consequences of said plea.” Finally, the judgment
in each case states “the Defendant was admonished by the Court as required by law. It appearing
to the Court that the Defendant is mentally competent to stand trial, that the plea is freely and
voluntarily made, and that the Defendant is aware of the consequences of his plea; the plea is
hereby received by the Court and entered of record.” 
      Considering the totality of the record, as well as the prima facie showing, we find that
Rodriguez has not established that he was not properly admonished or that his three pleas were
not made freely and voluntarily. The judgment in each case is affirmed.

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed November 14, 2001
Do not publish
[CRPM]