COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| PATRICIA JOANN STOKES, | | No. 08-09-00206-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 194th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# F-08-51381-M) |
| | § | |
| | § | |

**O P I N I O N**

Patricia Joann Stokes appeals from the trial court's order adjudicating her guilty of

prostitution and revoking her community supervision. In a single point of error, Appellant

asserts that the trial court rendered her plea of true involuntary by rejecting the State's sentencing

recommendation without allowing Appellant to withdraw her plea of true.

On March 13, 2008, in Cause No. F-08-51381-M, Appellant pled guilty to a felony

prostitution offense pursuant to an open plea agreement in which the State agreed to deferred

adjudication and community supervision. The court followed the plea agreement and placed

Appellant on ten years' of community supervision.

On March 31, 2009, the State filed a motion to adjudicate guilt alleging Appellant

committed a new prostitution offense and violated the conditions of her community supervision.

Pursuant to a second plea bargain, in exchange for the State's punishment recommendation of

three years' imprisonment, Appellant entered a plea of true for violating her community

supervision and a plea of guilty for prostitution. Prior to accepting her pleas at the adjudication hearing, the court found Appellant voluntarily entered both pleas.

With regard to sentencing for the new prostitution offense, the court accepted the State's plea bargain recommendation of three years' imprisonment. However, with regard to Appellant's violation of community supervision, the court rejected the State's recommendation and imposed a concurrent sentence of five years' imprisonment.

In her sole point of error, Appellant contends that the trial court rendered her plea of true involuntary when it rejected the sentencing recommendation of the State without allowing Appellant to withdraw her plea of true. We review a ruling on a motion to adjudicate guilt using an abuse of discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).

The Texas Code of Criminal Procedure Article 26.13 states that before a trial court accepts a plea of guilty it must admonish the defendant of:

> [T]he fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere . . . .

TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2)(Vernon Supp. 2009).

When a trial court admonishes a defendant according to Article 26.13 of the Code of Criminal Procedure even if the admonishment is incomplete or incorrect, such admonishment is *prima facie* evidence establishing the knowing and voluntary nature of the guilty plea. *Ex parte*

*Gibautich*, 688 S.W.2d 868, 871 (Tex.Crim.App. 1985). Once the defendant has been admonished pursuant to Article 26.13, the burden shifts to the defendant to prove the involuntariness of the plea and to show harm. *Id*. A guilty plea is not rendered involuntary because the actual sentence imposed exceeds the defendant's expectations. *See West v. State*, 702 S.W.2d 629, 633 (Tex.Crim.App. 1986). We review the voluntariness of a plea of true in light of the totality of the circumstances. *See Griffin v. State*, 703 S.W.2d 193, 196 (Tex.Crim.App. 1986). In revocation proceedings, a trial court is under no obligation to allow a defendant to withdraw a plea of guilty if the court rejects the plea bargain agreement. *Gutierrez v. States*, 108 S.W.3d 304, 309-10 (Tex.Crim.App. 2003).

Appellant argues that the trial court abused its discretion by rendering her plea of true involuntary when it decided not to follow the plea bargain agreement, imposed a sentence that exceeded the plea bargain agreement, and failed to provide Appellant with an opportunity to withdraw her plea of true. In support of her argument, Appellant relies on the fact that the plea bargain specifically states, "The prosecuting attorney's recommendation as to punishment is not binding on the Court. You will be permitted to withdraw your plea if the court rejects any plea bargain made in this case."

The record demonstrates that Appellant reviewed and read the written admonishments with her attorney before accepting the State's second plea bargain. Appellant testified that she understood the admonishments and the consequences of her pleas. She also testified that she freely and voluntarily signed the written Judicial Confession and Stipulation of Evidence. Furthermore, when the court asked if she was forced, made promises, or coerced into entering into her plea, she replied, "No, sir." Appellant testified that she understood that if she persisted

in pleading true, she could be sentenced up to ten years' imprisonment.

The record clearly shows that the court admonished Appellant that if it chose not to follow the plea bargain, the court would allow her to withdraw her plea and have her case set for a jury trial. In the revocation matter, the court found that Appellant violated her community supervision and in accordance with Article 26.13 stated, "I will not follow the plea bargain agreement in this case, and I am sentencing the defendant to five years confinement in the Institutional Division of the Texas Department of Criminal Justice." When the court asked, "Is there any reason at law, Counsel, why your client should not be sentenced at this time?" Appellant's counsel answered, "No, your Honor."

Under the totality of the circumstances, it is clear that Appellant's plea of true was voluntary. *See Griffin*, 703 S.W.2d at 196. Here, the record establishes the *prima facie* evidence of the voluntariness of Appellant's plea. *See Ex parte Gibautich*, 688 S.W.2d at 871. Appellant has failed to meet her burden of proving that her plea was involuntary and that she suffered harmed. *Id*.

Appellant testified that she understood she would be allowed to withdraw her plea of true if the plea bargain was not followed. However, the record shows that neither Appellant's attorney nor Appellant requested or attempted to withdraw Appellant's plea of true, despite having the opportunity to do so. Accordingly, having found no abuse of discretion, we find Appellant's sole point of error to be without merit. We overrule Appellant's sole point of error.

We affirm the judgment of the trial court.

September 8, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)