**Opinion filed August 22, 2013**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00242-CR , 11-12-00243-CR, 11-12-00244-CR, & 11-12-00245-CR

_____

## SUSAN LYNN FARMILO A/K/A SUSAN LYNN FARMILLO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 17625B, 18050B, 18176B, & 18182B**

### M E M O R A N D U M   O P I N I O N

Appellant, Susan Lynn Farmilo a/k/a Susan Lynn Farmillo, entered an open plea of guilty before the trial court to four offenses: felony driving while intoxicated, with a plea of true to one enhancement allegation; theft, with two prior theft convictions; felony driving while intoxicated, with a plea of true to one

enhancement allegation; and theft, with two prior theft convictions. The trial court convicted Appellant of each offense and assessed her punishment at confinement for ten years, confinement for two years in a state jail facility, confinement for fifteen years, and confinement for two years in a state jail facility, respectively. The trial court ordered all of the sentences, except for the fifteen-year sentence, to run concurrently. The trial court ordered the fifteen-year sentence to run consecutively to her sentences in the two theft cases. We affirm.

Appellant presents a single issue for review. In her sole issue in each case, Appellant contends that she was denied effective assistance of counsel because her attorneys did not communicate every plea offer in a timely fashion; misinformed her as to material facts regarding the plea offer; and failed to fully inform her of relevant considerations surrounding her open pleas of guilty, including the possibility that her sentences could be ordered to run consecutively. Appellant complains that these errors caused her pleas to be involuntary.[1]

In order to determine whether Appellant's trial counsel rendered ineffective assistance, we must first determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). In order to assess counsel's performance, we must make every effort to eliminate the distorting effects of

---

[1]To be knowing and voluntary, a guilty plea must be made with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970). When the record shows that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985). The burden then shifts to the defendant to establish that she did not understand the consequences of her plea. *Martinez*, 981 S.W.2d at 197; *Gibauitch*, 688 S.W.2d at 871. The record shows that Appellant was properly admonished by the trial court prior to accepting her pleas.

2

hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508–09 (Tex. Crim. App. 1991). To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of an ineffective assistance claim. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To establish prejudice when a defendant is not made aware of a plea bargain or rejects a plea bargain due to bad legal advice, the defendant must show the following: (1) that she would have accepted the earlier offer if counsel had not given ineffective assistance; (2) that the prosecution would not have withdrawn the offer; and (3) that the trial court would not have refused to accept the plea bargain. *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013) (adopting standard for prejudice set out in *Missouri v. Frye*, 132 S. Ct. 1399 (2012)).

The record shows that, at the time Appellant entered her pleas of guilty, there were seven cases pending against her. In exchange for her plea of guilty to the four offenses at issue in this appeal, the State dismissed the remaining three cases.

Evidence concerning the effectiveness of counsel was presented during a hearing on Appellant's motions for new trial. One of Appellant's previous attorneys, Bob Lindsey, testified that he had communicated the State's plea-bargain offers to Appellant but that she did not accept those offers. Notice of one of the State's offers was evidenced by a letter to Appellant from Lindsey. In the

3

letter, Lindsey informed Appellant that the State's "'new' offer is 8 years to do on the DWIs and 2 years to do on 3 of the thefts and the remaining two thefts will be dismissed."

The assistant district attorney who prosecuted these cases confirmed that a time-limited plea offer of confinement for eight years had been made. According to the prosecutor, there was not a plea offer of seven years in these cases. He testified that, at the time of the hearing in this case, the offer of eight years was "off the table" and that the only offer "on the table" was an open plea to two DWIs and two thefts in exchange for the dismissal of three enhanced theft charges.

The attorney who represented Appellant at the time of her guilty pleas, Samuel David Mehaffey, testified that he was retained by Appellant shortly before the trial date in this case; that, at that time, a "tentative" offer of seven years had been made by the State; and that he conveyed that offer to Appellant. Mehaffey stated that Appellant retained him because she became unhappy with the representation of Lindsey, who wanted Appellant to "plea the case." According to Mehaffey, Appellant was aware of the State's offer but did not want to accept it; she wanted probation and "was not going to agree to an amount of TDC time." Mehaffey told Appellant that he "thought the judge would give her probation even with the vast amount of cases pending and the fact pattern and the fact that she had been to prison before," but he also "absolutely" admonished her of her "tremendous" exposure for the charged offenses. Mehaffey testified that he informed Appellant of the range of punishment for her offenses and of the potential pitfalls of entering an open plea. Appellant was facing a second-degree felony punishment in the DWI cases; a second-degree felony carries a potential sentence of confinement for twenty years plus a fine of $10,000. *See* TEX. PENAL CODE ANN. § 12.33 (West 2011), §§ 12.42(a), 49.09(b)(2) (West Supp. 2012). According to Mehaffey, Appellant was aware of the possible outcomes.

4

Furthermore, the trial court properly admonished Appellant of the range of punishment in each case.

Appellant testified that Mehaffey did not communicate an offer of seven years to her. Appellant also testified that she was unaware that her sentences could be stacked. Appellant stated that she would not have entered open pleas of guilty in these cases if she had known that she could receive a sentence longer than seven or eight years. Appellant admitted, however, that Lindsey had informed her of a plea-bargain offer of seven years. Appellant said that she was "aware" of that offer and "never said no to it," but Appellant acknowledged that she "did not accept it." The trial court denied Appellant's motions for new trial.

There is evidence in the record reflecting that Appellant rejected the State's plea offer, regardless of whether she thought it was an offer of seven or eight years, and that she had been admonished of the consequences of pleading guilty. The record does not support Appellant's contention that counsel failed to timely inform her of a plea offer or that counsel misinformed her of any material consideration regarding a plea offer or her open pleas. Furthermore, despite Appellant's claim that she was unaware that her sentences could be stacked, Mehafffey indicated that he informed Appellant of her tremendous exposure for the charges against her. We note that the sentences as ordered by the trial court in these cases resulted in a cumulative sentence that was less than the potential sentence for one of her enhanced DWIs. The record does not affirmatively demonstrate that Appellant's counsel failed to fully inform her of the consequences of any plea offer, the consequences of rejecting any plea offer, or the consequences of entering open pleas of guilty. To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the ineffectiveness. *Thompson*, 9 S.W.3d at 813–14. Based on the record from the hearing on Appellant's motions for new trial, the trial court could have found that Appellant did not demonstrate

the following: that counsel failed to inform her of a plea offer, that she rejected a plea offer due to bad legal advice, that she would have accepted the earlier offer but for counsel's ineffective assistance, that the prosecutor would not have withdrawn the offer, and that the trial court would not have refused to accept the plea bargain. Thus, we cannot hold, based on the record before us, that the performance of Appellant's attorneys fell below an objective standard of reasonableness or that Appellant has shown a reasonable probability that the result would have been different but for her attorneys' alleged errors. Appellant's sole issue in each case is overruled.

We affirm the judgments of the trial court.


MIKE WILLSON
JUSTICE


August 22, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.