**Opinion filed March 8, 2018**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-16-00057-CR & 11-16-00058-CR

_____

## VICTORIA KATHRYN HOLLOWAY A/K/A VICTORIA MALY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR22715 & CR24306**

### M E M O R A N D U M   O P I N I O N

The State charged Appellant with possession of a controlled substance, namely methamphetamine, in a drug-free zone. Appellant waived her right to a jury trial and pleaded guilty. The trial court assessed punishment at confinement for ten years, but it suspended the imposition of the sentence and placed Appellant on community supervision for a term of ten years.

While Appellant was on community supervision, the State charged her with endangering a child. The State also filed an amended motion to revoke Appellant's community supervision in the possession case. Appellant again waived her right to a jury trial and pleaded guilty to the offense of endangering a child. She also pleaded true to allegations in the State's amended motion to revoke.

The trial court found Appellant guilty of the offense of endangering a child and found that several allegations in the State's amended motion to revoke community supervision were true. The trial court assessed punishment at confinement for two years in a state jail facility for the offense of endangering a child, reduced the term of confinement to two years in the Institutional Division of the Texas Department of Criminal Justice for the possession offense, and ordered that the sentences run consecutively. In each appeal, Appellant challenges the voluntariness of her plea. We affirm.

Police officers executed a search warrant at Appellant's house. In the house, officers found a pipe with a trace amount of methamphetamine residue. Because Appellant's house was within 1,000 feet of Howard Payne University, the offense occurred within a drug-free zone.

The trial court admonished Appellant that, by entering a guilty plea, she waived various constitutional rights. Appellant indicated that she understood this, and that was what she wanted to do. Before the trial court accepted Appellant's guilty plea to the possession charge, the trial court asked her several questions. The trial court asked Appellant about her age, education, and ability to read and write English. The trial court also inquired as to whether Appellant had any mental problems and whether she was satisfied with her legal representation. The trial court asked whether she had read and understood the written admonitions that she signed. Finally, the trial court approved Appellant's waiver of the right to a jury and record

2

and assessed punishment at confinement for ten years, suspended the imposition of the sentence, and placed Appellant on community supervision for a term of ten years.

Thirteen months later, Appellant was babysitting several children, including a four-year-old named M.S. M.S. was unsupervised in the backyard[1] when he obtained a butane torch and used it to set his pants on fire.

When Appellant heard M.S. cry out, she ran outside, picked him up, pulled off his pants, and carried him into the kitchen. She placed him on the kitchen counter and covered his legs with cold, wet washcloths. Appellant first called M.S.'s grandfather, who was M.S.'s legal guardian. When he did not answer, she attempted to text and call him several more times. Appellant then called her mother, who immediately left work and drove to Appellant's house. Appellant never called 9-1-1.

When M.S.'s grandfather arrived, he immediately drove M.S. to the hospital in Brownwood. According to his grandfather, M.S. was visibly in shock. M.S. was diagnosed with first-, second-, and third-degree burns and was ultimately transferred to a burn center in Dallas.

After Appellant waived indictment, the State charged Appellant by information with endangering a child. Appellant entered an open guilty plea in the same proceeding. Appellant also pleaded true to six of the eight allegations in the State's amended motion to revoke community supervision; the State waived the remaining allegations.

The trial court again asked Appellant about her age, education, and ability to read and write English and about whether she claimed to be mentally insane or incompetent and whether she was satisfied with her legal representation. The trial

---

[1]Appellant testified that she was helping another child in the restroom when the incident occurred; based on information from other children present in Appellant's house, the State alleged that Appellant was asleep.

court asked whether anyone had threatened Appellant to cause her to plead guilty or true in any of the matters and whether anyone had promised her something to plead true or guilty. Appellant confirmed that she understood that she was waiving her right to a jury trial in the child endangerment offense and that she did so intelligently, knowingly, and voluntarily.

Because of the prior offense of possession in a drug-free zone, the trial court also informed Appellant that, if it revoked her community supervision and sent her to prison, that sentence would run consecutively and not concurrently with any punishment assessed in the child endangerment offense. Appellant confirmed that she understood.

Appellant claims in a single issue on appeal in both cases that her pleas of guilty were not voluntary. A guilty plea involves, among other things, a waiver of a defendant's rights to be tried by a jury, to confront his accusers, to have a speedy and public trial, and to invoke his privilege against compulsory self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Ex parte Palmberg*, 491 S.W.3d 804, 807 (Tex. Crim. App. 2016) (orig. proceeding). To be knowing and voluntary, a guilty plea must be made with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970). When the record shows that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); *see* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2017). Pleas are only involuntary if they are induced by threats, misrepresentations, or improper promises. *Brady v. United States*, 397 U.S. 742, 755 (1970).

Appellant argues that her pleas were not voluntary because she was unaware that the Court of Criminal Appeals might revise the *mens rea* element of the drug-free zone enhancement. However, it is well-settled that a defendant's failure to anticipate a potential change in the law at the time of her guilty plea does not render that plea involuntary. *Brady*, 397 U.S. at 757 ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise."). Moreover, while Appellant's appeal was before this court, the Court of Criminal Appeals decided that the State need not prove that an accused knew that she was in a drug-free zone at the time she committed an offense. *White v. State*, 509 S.W.3d 307, 315 (Tex. Crim. App. 2017).

Appellant makes no claim that either of her guilty pleas was the product of any threat, misrepresentation, or improper promise. The records reveal that, in both causes, the trial court properly admonished Appellant, both orally and through written admonitions, as to her rights, her understanding of the charges against her, and the consequences of her guilty pleas. Therefore, Appellant's single issue in each cause is overruled.

We affirm the judgments of the trial court.

JIM R. WRIGHT

March 8, 2018                                                    SENIOR CHIEF JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.