NO. 07-07-0396-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 18, 2008
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

ADELAIDA E. TIJERINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-416,214; HONORABLE CECIL G. PURYEAR, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Appellant Adelaida E. Tijerina seeks a reversal of her sentence and remand of her
cause for a new punishment hearing. The State joins appellant in her request. We reverse
the judgment in part and remand to the trial court for a new punishment hearing.
Background 
Â Â Â Â Â Â Â Â Â Â Appellant was convicted of the offense of driving while intoxicated, with two prior
convictions for driving while intoxicated, making the offense a third degree felony. 
Additionally, the State sought to enhance the charged offense with a prior felony offense,
thus making the offense punishable as a second degree felony. 
Â Â Â Â Â Â Â Â Â Â At the inception of the guilt-innocence phase of the trial, the State read the
indictment along with the two prior convictions necessary for the jurisdictional
requirements. Appellant pled true to the jurisdictional prior convictions. At the conclusion
of the guilt-innocence phase of the jury trial, the jury found appellant guility of the offense. 
The trial then proceeded to the punishment phase. At the punishment phase, the State
read the felony enhancement and introduced a pen packet demonstrating a prior felony
conviction for driving while intoxicated. The jury found the enhancement true, making the
offense punishable as a second degree felony, and returned a verdict of fifteen years
confinement in the Institutional Division of the Texas Department of Criminal Justice.
Â Â Â Â Â Â Â Â Â Â Appellant now appeals raising five issues relating to the use and admission of the
prior felony offense for enhancement purposes and has requested that the matter be
remanded for a new hearing on punishment. The State, conceding that the prior felony
offense involved an unrevoked probated sentence and should not have been used for
enhancement purposes, has also filed a brief requesting that the case be remanded for a
rehearing on punishment. See Diremiggio v. State, 637 S.W.2d 926, 928 (Tex. Crim. App.
1982).
Â Â Â Â Â Â Â Â Â Â Without reviewing the issues presented, we hereby grant appellant and the State
the prayer requested and reverse the trial courtâs judgment as to punishment and remand
this cause to the trial court for a rehearing on punishment. Tex. R. App. P. 43.2(d).
Conclusion
Â Â Â Â Â Â Â Â Â Â We affirm the trial court's judgment of conviction, vacate the sentence imposed, and
remand to the trial court for a new sentencing hearing. Tex. Code Crim. Proc. Ann. art.
44.29(b) (Vernon Supp. 2006).
Â 




Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice













Do not publish. 



. If the record is silent
regarding any alleged ineffectiveness of counsel, appellant cannot overcome the
presumption that counsel's conduct fell within a wide range of reasonable professional
representation.

 In most instances, the most effective way to demonstrate ineffective assistance of
counsel is by presenting evidence at a hearing on a motion for new trial. See generally
McCain v. State, 995 S.W.2d 229, 245 n.9 (Tex.App.-Houston [14th Dist.] 1999, pet.
denied) (discussing ineffective assistance during voir dire). However, here, appellant did
not file motions for new trial and the records before us are silent regarding any alleged
ineffectiveness by counsel. Thus, no reversible error is presented on the ground of
ineffective assistance of counsel.

 Because appellant's guilty pleas were not entered pursuant to felony plea 
bargains, we can review whether they were involuntary. See Cooper v. State, 45 S.W.3d
77 (Tex.Cr.App. 2001) (holding that voluntariness of a plea may not be raised on appeal
from a plea-bargained felony conviction). When the record shows that a defendant was
properly admonished, there is a prima facie showing of a knowing and voluntary guilty
plea. Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.Cr. App. 1985). The burden then
shifts to the defendant to establish that he plead guilty without understanding the
consequences of his plea and, consequently, suffered harm. Tex. Code Crim. Proc. Ann.
art. 26.13(c) (Vernon 1989). Gibauitch, 688 S.W.2d at 871. In reviewing the voluntariness
of a defendant's guilty plea, we review the entire record. Martinez v. State, 981 S.W.2d
195, 197 (Tex.Cr.App. 1998) (en banc). 

 The record reflects that appellant was admonished by the trial court prior to the
presentation of punishment evidence. Appellant informed the trial court that his pleas were
voluntary and that his judicial confessions were signed of his own free will. He also signed
written admonishments acknowledging that he was aware of the consequences of his
pleas. Because appellant was properly admonished, it was incumbent upon him to show
that he entered his guilty pleas without understanding the consequences thereof, and thus
suffered harm. However, there is nothing in the records before us to indicate that
appellant was induced into pleading guilty or that he was unaware of the consequences
of his pleas. Therefore, no reversible error exists on the basis of appellant's guilty pleas.

 Counsel also concedes that no reversible error is shown in the sentences imposed
by the trial court. Generally, a penalty imposed within the range of punishment established
by the Legislature will not be disturbed on appeal. Flores v. State, 936 S.W.2d 478
(Tex.App.-Eastland 1996, pet. ref'd). Appellant received a one-year sentence for the state
jail felony of possession of marihuana of five pounds or less but more than four ounces. (3)
A state jail felony is punishable by confinement for not more than two years or less than
180 days. (4) Four separate ten-year sentences were imposed for (1) possession of cocaine
of four grams or more but less than 200; (2) and (3) delivery of methamphetamine of one
gram or more but less than four; and (4) delivery of cocaine of one gram or more but less
than four. (5) These offenses constitute second degree felonies punishable by not more than
20 years or less than two years. (6) Appellant was sentenced to two 30-year sentences for
delivery of methamphetamine of four grams or more but less than 200, which are first
degree felonies with a punishment range of not more than 99 years or less than five years
confinement. (7) All seven sentences imposed by the trial court were within the range of
punishment established by the Legislature and thus, no abuse of discretion is shown. 
Moreover, appellant's sentences were half of the maximum recommended range of
punishment in the first five offenses and on the low end of the range of punishment for the
two first degree felonies.

 By his pro se brief in support of his motion, appellant mirrors appellate counsel's
arguments on ineffective assistance of counsel and the voluntariness of his guilty pleas. 
Because we have already reviewed these contentions, we will not repeat our analysis. 
However, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 131 L.Ed. 2d 490 (1963),
appellant contends that his right to due process under the Fourteenth Amendment was
violated by the prosecution for failing to disclose favorable evidence. We disagree. In
Brady, the Supreme Court held that the prosecution violates due process when it
suppresses evidence in its possession favorable to an accused "where the evidence is
material either to guilt or punishment." Id. at 87. Evidence is material if there is a
reasonable probability that, had the evidence been disclosed to the defense, the outcome
of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 676,
105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

 Specifically, appellant contends the prosecution was in possession of a statement
made by Jonathan Burch, the confidential informant who introduced appellant to the
agents, that might have proven his innocence. He asserts that Burch and Agent Redden
had their own "agenda" and that Burch made a statement to Redden during an interview
after appellant was arrested that if disclosed would have changed the outcome of his
convictions. The record before us does not establish any statements made by Burch to
Agent Redden that would invoke Brady. Furthermore, appellant never claimed to be
innocent of the charged offenses. He testified that he was a "stupid" criminal and that he
knew he would have to be punished for what he had done. Appellant has not established
that material evidence, if any, was withheld from him by the prosecution or that it would
have resulted in a different outcome. 

 Appellant also contends that his appellate counsel is ineffective and thus he has
been denied his Sixth Amendment right to counsel on appeal. He argues that appellate
counsel "dropped the ball" in retaliation to his request for appellate counsel's resume. 
Citing Penson v. Ohio, 488 U.S. 75, 84-85, 102 L.Ed.2d 300, 109 S.Ct. 346 (1988),
appellant claims "[t]he right to be represented by counsel on direct appeal from a
conviction as well as at the criminal trial is among the most fundamental rights." He also
relies on Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), which
held that the Fourteenth Amendment guarantees a criminal appellant the right to counsel
on a first appeal as of right. However, four years after Douglas, the Court decided Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which implemented
safeguards for first appeals by indigent defendants. Anders and Penson require that an
indigent defendant be afforded assistance of counsel on appeal only after a separate
inquiry by an appellate court determines that arguably meritorious grounds for reversal of
a conviction exist. Appellate counsel has complied with the procedural safeguards of
AndersÂ and Penson. Nevertheless, appellant requests that we appoint new counsel to
represent him on appeal from his seven convictions. The Legislature has given the trial
court, not this Court, the responsibility for appointing counsel to represent indigent
defendants as well as the authority to relieve or replace counsel. See Enriquez v. State,
999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.). Appellant's pro se contentions are
overruled. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgments of
the trial court are affirmed.

 Don H. Reavis


 Justice

 



Do not publish. 










1. Although the judgments reflect appellant's surname as Nickles, his pro se brief
reflects his surname is Nickels.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
3. See Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon Supp. 2002).
4. See Tex. Penal Code Ann. Â§ 12.35(a) (Vernon 1994).
5. See Tex. Health & Safety Code Ann. Â§Â§ 481.102(3)(D) and 481.102(6) (Vernon
Supp. 2002); see also Â§Â§ 481.112(c) and 481.115(d).
6. Tex. Penal Code Ann. Â§ 12.33(a) (Vernon 1994).
7. See Tex. Health & Safety Code Ann. Â§ 481.112(d) (Vernon Supp. 2002), and Tex.
Penal Code Ann. Â§ 12.32(a) (Vernon 1994).