BRIAN MILLSAP V. SHOW TRUCKS USA, INC.

NO. 07-08-0076-CR

NO. 07-08-0077-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 23, 2008

______________________________

ARNALDO ORTIZ,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 46
th
 DISTRICT COURT OF WILBARGER COUNTY;

NOS. 10,937 and 11,009; HON. DAN MIKE BIRD, PRESIDING

_______________________________

ON ABATEMENT AND REMAND

_______________________________

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.
(footnote: 1)
 Arnaldo Ortiz (appellant) appeals from two counts of aggravated sexual assault of a child.  He filed his notices of appeal on February 1, 2008.  The clerk’s records were filed on February 27 and 28, 2008, and the reporter’s records on March 25, 2008.  However, the appeals were abated to the trial court on March 4, 2008, because appellant had not signed the trial court certification.  The amended certifications and supplemental clerk’s records were filed on March 13, 2008.  On March 31, 2008, counsel for appellant filed a motion to withdraw, which was granted.  New counsel filed motions for extension of time to file a brief in each case on May 12, 2008, which motions were granted to June 9, 2008.  On June 10, 2008, second extension motions were filed and granted to June 30, 2008, with the admonition that no further extensions would be granted.  No brief or extension was filed with the Court.  On July 7, 2008, a letter was sent to appellant’s attorney notifying him the briefs were overdue and that they or a response was due on July 17, 2008.  To date, no brief or extension motion has been filed in this Court.

 Consequently, we abate the appeal and remand the cause to the 46
th
 District Court (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant is indigent; 

whether appellant desires to prosecute the appeals; and

3.   whether appellant has been denied the effective assistance of counsel due to appellate counsel’s failure to timely file appellate briefs.  
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue the appeals, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before August 11, 2008.  Should additional time be needed to perform these tasks, the trial court may request same on or before August 11, 2008.

It is so ordered.

Per Curiam

Do not publish.ãthat a federal warrant was being served and he was taken into custody.  Although his girlfriend tried to close the diaper bag, a search revealed two plastic bags containing a total of 41 grams of cocaine and one plastic bag containing a quarter of a pound of marijuana.

Appellant was charged with seven separate offenses involving either possession or delivery of narcotics.  He entered pleas of guilty to all charges with no agreement on punishment and evidence was heard with regard to sentencing.  Agent Redden and his partner testified about appellant’s status as a mid-level drug dealer.  Redden testified that he would page appellant and set up a meeting to purchase narcotics.  Appellant would then meet with his supplier to obtain what Redden had requested.

Appellant testified that he was a drug user and tried to leave an impression that he was merely a runner for his supplier.  Although he did not consider himself a dealer, he admitted selling drugs to the agents at higher than usual prices in order to pay his supplier and have money left to support his baby.  Although appellant claimed that the narcotics were never in his home and that he met with his supplier to obtain them, he could not convincingly explain why he was in possession of 41 grams of cocaine when he was arrested on September 25.  He testified that he had that amount in his possession in anticipation that Redden would contact him again as he had done regularly in the past.  However, Redden and appellant had not engaged in a transaction since April.  Appellant expressed regret and remorse for his actions and admitted to being a “stupid” criminal.  However, when questioned whether he was aware that the more drugs he sold to the agents the more trouble he was in, he replied, “I knew the more I sold, the more time you get . . . .”  He did not request probation and realized he would be punished for his crimes. 

The State also introduced evidence of appellant’s juvenile history which established several prior convictions and a probation revocation.  At the conclusion of the punishment evidence, the trial court ruled that the evidence clearly showed appellant was a dealer.  The court also expressed concern that given appellant’s criminal history, he had not taken advantage of the numerous chances he had been given.  Concluding that appellant had made “bad choices,” he was sentenced to one year confinement for a state jail felony, four ten-year sentences for second degree felonies, and two 30-year sentences for first degree felonies all to run concurrently.

Counsel presents three arguable points on appeal, to wit: (1) ineffective assistance of counsel, (2) voluntariness of appellant’s pleas, and (3) abuse of discretion in sentencing.  
However, after a discussion of the evidence and legal authorities, counsel candidly concedes that no reversible error is presented in any of the appeals.

To establish ineffective assistance of counsel appellant must establish that (1) counsel’s conduct was deficient (
i.e.
, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel’s deficient performance, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).  A strong presumption exists that defense counsel’s conduct falls within a wide range of reasonable representation.  
Strickland
, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), 
cert. denied
, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).  To sustain a challenge of ineffective assistance of counsel, it must be firmly founded in the record.  Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981).  If the record is silent regarding any alleged ineffectiveness of counsel, appellant cannot overcome the presumption that counsel’s conduct fell within a wide range of reasonable professional representation.

In most instances, the most effective way to demonstrate ineffective assistance of counsel is by presenting evidence at a hearing on a motion for new trial.  
See
 
generally
 McCain v. State, 995 S.W.2d 229, 245 n.9 (Tex.App.–Houston [14th Dist.] 1999, pet. denied) (discussing ineffective assistance during 
voir dire
).  However, here, appellant did not file motions for new trial and the records before us are silent regarding any alleged ineffectiveness by counsel.  Thus, no reversible error is presented on the ground of ineffective assistance of counsel.

 Because appellant’s guilty pleas were not entered pursuant to felony plea  bargains,  we can review whether they were involuntary.   
See
 Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001) (holding that voluntariness of a plea may not be raised on appeal from a plea-bargained felony conviction).  When the record shows that a defendant was properly admonished, there is a 
prima facie
 showing of a knowing and voluntary guilty plea.  Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.Cr. App. 1985).  The burden then shifts to the defendant to establish that he plead guilty without understanding the consequences of his plea and, consequently, suffered harm.  Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989).  
Gibauitch
, 688 S.W.2d at 871.  In reviewing the voluntariness of a defendant’s guilty plea, we review the entire record.  Martinez v. State, 981 S.W.2d 195, 197 (Tex.Cr.App. 1998) (en banc).  

The record reflects that appellant was admonished by the trial court prior to the presentation of punishment evidence.  Appellant informed the trial court that his pleas were voluntary and that his judicial confessions were signed of his own free will.  He also signed written admonishments acknowledging that he was aware of the consequences of his pleas.  Because appellant was properly admonished, it was incumbent upon him to show that he entered his guilty pleas without understanding the consequences thereof, and thus suffered harm.  However, there is nothing in the records before us to indicate that appellant was induced into pleading guilty or that he was unaware of the consequences of his pleas.  Therefore, no reversible error exists on the basis of appellant’s guilty pleas.

Counsel also concedes that no reversible error is shown in the sentences imposed by the trial court.  
Generally, a penalty imposed within the range of punishment established by the Legislature will not be disturbed on appeal.  Flores v. State, 936 S.W.2d 478 (Tex.App.–Eastland 1996, pet. ref’d).
  Appellant received a one-year sentence for the state jail felony of possession of marihuana of five pounds or less but more than four ounces.
(footnote: 3) A state jail felony is punishable by confinement for not more than two years or less than 180 days.
(footnote: 4)  Four separate ten-year sentences were imposed for (1) possession of cocaine of four grams or more but less than 200; (2) and (3) delivery of methamphetamine of one gram or more but less than four; and (4) delivery of cocaine of one gram or more but less than four.
(footnote: 5)  These offenses constitute second degree felonies punishable by not more than 20 years or less than two years.
(footnote: 6)  Appellant was sentenced to two 30-year sentences for delivery of methamphetamine of four grams or more but less than 200, which are first degree felonies with a punishment range of not more than 99 years or less than five years confinement.
(footnote: 7)  All seven sentences imposed by the trial court were within the range of punishment established by the Legislature and thus, no abuse of discretion is shown.  Moreover, appellant’s sentences were half of the maximum recommended range of punishment in the first five offenses and on the low end of the range of punishment for the two first degree felonies.

By his 
pro se
 brief in support of his motion, appellant mirrors appellate counsel’s arguments on ineffective assistance of counsel and the voluntariness of his guilty pleas.  Because we have already reviewed these contentions, we will not repeat our analysis.  However, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 131 L.Ed. 2d 490 (1963), appellant contends that his right to due process under the Fourteenth Amendment was violated by the prosecution for failing to disclose favorable evidence.  We disagree.  In 
Brady
, the Supreme Court held that the prosecution violates due process when it suppresses evidence in its possession favorable to an accused “where the evidence is material either to guilt or punishment.”  
Id. 
at 87.  Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different.  United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Specifically, appellant contends the prosecution was in possession of a statement made by Jonathan Burch, the confidential informant who introduced appellant to the agents, that might have proven his innocence.  He asserts that Burch and Agent Redden had their own “agenda” and that Burch made a statement to Redden during an interview after appellant was arrested that if disclosed would have changed the outcome of his convictions.  The record before us does not establish any statements made by Burch to Agent Redden that would invoke 
Brady
.  Furthermore, appellant never claimed to be innocent of the charged offenses.  He testified that he was a “stupid” criminal and that he knew he would have to be punished for what he had done.  Appellant has not established that material evidence, if any, was withheld from him by the prosecution or that it would have resulted in a different outcome.  

Appellant also contends 
that his appellate counsel is ineffective and thus he has been denied his Sixth Amendment right to counsel on appeal.  He argues that appellate counsel “dropped the ball” in retaliation to his request for appellate counsel’s resume.  Citing Penson v. Ohio, 488 U.S. 75, 84-85, 102 L.Ed.2d 300, 109 S.Ct. 346 (1988), appellant claims “[t]he right to be represented by counsel on direct appeal from a conviction as well as at the criminal trial is among the most fundamental rights.”  He also relies on Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), which held that the Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right.  However, four years after 
Douglas
, the Court decided Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which implemented safeguards for first appeals by indigent defendants.  
Anders
 and 
Penson
 require that an indigent defendant be afforded assistance of counsel on appeal only after a separate inquiry by an appellate court determines that arguably meritorious grounds for reversal of a conviction exist.  Appellate counsel has complied with the procedural safeguards of 
Anders
 and 
Penson
.  Nevertheless, appellant requests that we appoint new counsel to represent him on appeal from his seven convictions.  The Legislature has given the trial court, not this Court, the responsibility for appointing counsel to represent indigent defendants as well as the authority to relieve or replace counsel.  
See
 Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.).  Appellant’s 
pro se
 contentions are overruled.  

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal.  
See
  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgments of the trial court are affirmed.

Don H. Reavis

     Justice

Do not publish.
 

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2008). 

3:
4:
5:
6:
7: